## GRAVES vs. GANS and another.

*Examination of judge's minutes by jury, without consent of court.* — *Damages for non-payment of chattel note.* — *Evidence.*

1. Jurors should not examine the judge's minutes of evidence without the direction or consent of the court.
2. But, where it appears that, though this was done, the verdict was affected thereby only in being rendered more favorable to defendants, it should not be set aside on their motion.
3. In an action upon a note payable in lumber, the court confined the evidence as to the value of the lumber to the time when the note became due, and the time to which payment was extended by oral arrangement. *Held,* that there was no error of which *defendants* could complain.
4. There being no pretense that defendants' liability as makers of the note was not absolute, or that it was affected by the statute of frauds, their offer to show that it was given in payment for property delivered to a third party, was wholly immaterial.

APPEAL from the Circuit Court for *Eau Claire* County.

Action upon a note by which the defendants, for "value received," promised "to pay and deliver" to the plaintiff or bearer, on the 1st of July, 1865, 25,000 feet of good merchantable pine lumber, in the Chippewa river, at Eau Claire. The only issue, at the trial, was as to the amount of damages. Plaintiff testified that

the note "was given for a span of horses," and was then permitted, against objection, to testify that "the horses were worth $450." He also testified that he demanded the lumber in the months of July and August, and on the 1st of October, 1865. *Question:* "What was the lumber worth at the several times you made demand for it?" Objection overruled. *Answer:* "Lumber was worth, July 1st, 1865, $15 per thousand feet, board measure. I sold for that between the 1st and 10th of July; there was very little offered at that time. October 1st it was worth $15 to $16 per thousand." Defendants offered to show by the witness, "as affecting the question of damages," that there was no money paid as a consideration for the note, but that "it was given by defendants at plaintiff's request, to secure to him the purchase-price of the horses aforesaid, which plaintiff had sold to an irresponsible third party, who could not pay." The evidence was rejected. On his cross-examination, the witness said that he called on *Mr. Meggett,* one of the defendants, for this lumber, July 10th; had another conversation with him in his office about the 1st of August; and thought *Meggett* asked him, in a third conversation, if he (witness) would wait until October 1st for the lumber, and witness answered, "I am going to run a raft then, and must have it at that time." The witness further testified: "There never was any agreement or understanding between me and *Mr. Meggett* that I should wait for this lumber until October 1st, or till any other time." Plaintiff was permitted, against objection, to ask several witnesses the value of lumber at Eau Claire on the 1st of October, 1865. One answered "From $15 to $18 per thousand;" another, "From $15 to $16 per thousand. In July it was worth $12 per thousand." A third witness, a member of the lumbering firm of Ingram & Kennedy, testified: "Worth $15 in October. We sold $100,000 feet at $14;" and on cross-examination: "Lum-

ber was worth $12 and $14 per thousand July 1st, 1865. We bought some for $11. I have given the price of Ingram & Kennedy's lumber, which is considered worth from one to two dollars more than other lumber." The testimony of defendants' witnesses tended to show that on the 1st of July lumber was worth $11 or $12 per thousand; and on the first of October about $15.

The court refused to instruct the jury, as requested by defendants, that "there was no understanding or agreement between plaintiff and defendants that the time to pay the lumber should be extended to October 1st or to any other time, and that they must confine their inquiries to the value of the lumber on the 1st of July;" but submitted to the jury the question whether there was an extension of the time of payment.

Verdict for the plaintiff, for $427.05 damages. The defendants moved for a new trial for errors, etc., and on affidavits showing the facts mentioned in the opinion *infra*, as to the examination by the jurors of the judge's minutes of evidence, without any order of court. Motion denied; and judgment upon the verdict; from which defendants appealed.

*A. Meggett*, for appellants:

1. The court erred in admitting evidence as to the value of the property for which the note was given. Sedgw. on Dam. (3d ed.) 199, 212, and cases there cited; *Yoder v. Allen*, 2 Bibb, 338. 2. There is no evidence that defendants ever received any benefit from the consideration for which the note was given; and had their offer of evidence been admitted, it would have appeared that they really became liable to discharge the obligation of a third party. It was therefore not a case for the application of the rule, held by some questionable authorities, that the highest price of the chattel from the agreed time of delivery to the commencement of the action is the measure of damages. The case in principle is analogous to that of *Smethurst v. Woolston*, 5 W. & S. 106, in which

the true rule was said to be the value of the chattel at the agreed time of delivery, with interest. To the point that the latter was the proper rule of damages in this case, and that the court therefore erred in not confining the evidence as to the value of the property to the 1st of July, counsel further cited 2 Kern. 48; 3 Wheat. 200; 3 La. Ann. 105; 3 Mass. 364; 16 Pick. 194; Peters C. C. 85; 2 Compt., M. & R. 168; 28 N. Y. 72; 2 Wis. 427; 3 id. 456, 557; 17 id. 314; 3 Sandf. S. C. 624, 627, 640, 642, 643, 646; 7 Cow. 681; 4 Tex. 289; 13 id. 324; 2 Conn. 485; 9 Wend. 129. 3. To the point that there should be a new trial on account of the inspection of the judge's minutes by the jury, without leave of court, counsel cited 2 Coke Litt. 227; Hale's P. C. 307, 308; *Jennings v. Warne,* 2 Lee Temp. Hardw. 116; *Comm. v. Jenkins,* Thacher's Cr. Cas. 118; *Taylor v. Sorsby,* Walker (Miss.) 97; *Sheaff v. Gray,* 2 Yeates, 273; 2 Gra. & Wat. on N. T. 331–342; *Killen v. Listrunk,* 7 Ga. 282; *Hix v. Drury,* 5 Pick. 297; *Durfee v. Eveland,* 8 Barb. 46; *Benson v. Fish,* 6 Greenl. 141; *Whitney v. Whitman,* 5 Mass. 405; *Peacham v. Carter,* 21 Vt. 515; *Hackley v. Hastie,* 3 Johns. 252; *Burrows v. Unwin,* 3 C. & P. 310.

*Bartlett & Prindle* and *C. R. Gill,* for respondent:

1. When a contract is made for the sale and delivery of chattels, and the consideration is paid in advance, the highest price between the time for delivery specified in the contract, and the day of trial, may be recovered. *Clark v. Pinney,* 7 Cow. 681; *Davis v. Shields,* 24 Wend. 322; *Potter v. Hopkins,* 25 id. 417; *Dey v. Dox,* 9 id. 129. 2. There should be no new trial for the use of the judge's minutes, because defendants were not injured thereby.

PAINE, J. The defendants' offer to show that the note sued on was given in payment for a span of horses delivered to some third party, was wholly immaterial. There was no pretense that their liability was not abso-

Graves vs. Gans and another.

lute, or that it was affected by the statute of frauds; and such proof had no bearing whatever on the question of damages.

It is not necessary to inquire whether the plaintiff was entitled to the highest price of the lumber at any time between the time when it should have been delivered and the commencement of the action. The court confined the evidence on that point to the time when the note became due, and the time to which the payment was substantially extended by the verbal arrangement of the parties. There was no error certainly in that, as against the defendants. There was no sufficient ground for granting a motion for a new trial. It was improper for the jurors to examine the judge's minutes. But it appears very satisfactorily that the defendants, in this instance, were not prejudiced by it. A large majority of the jury were, from the first, in favor of fixing $16 per thousand as the value of the lumber, and there is no doubt the verdict would have been for that amount had it not been suggested by one of the minority that they ought not to give the plaintiff a larger amount than he himself swore the lumber was worth, and thereupon, some dispute arising as to what he had sworn, his testimony was examined in the judge's minutes, where it was found that he had fixed the value at from $15 to $16 per thousand. And for that reason the ten jurors who had previously voted for $16 per thousand came down to $15.50, which was agreed to. So that, although strictly the jurors ought not to examine the minutes of the judge which happen to be left in the room, there being no consent or direction that they might do so, yet, where the exact extent and result of that examination are shown clearly, as they are here, and it appears to have been beneficial rather than prejudicial to the party asking for a new trial, there is no ground for granting his motion.

*By the Court.*—The judgment is affirmed, with costs.